**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| VOIP-PAL.COM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 6:21-CV-1247-ADA |
| | § | |
| HUAWEI TECHNOLOGIES CO. LTD., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Huawei Technologies Co., Ltd. ("HTCL"), Huawei Technologies USA Inc. ("HTUS"), Huawei Device Co., Ltd. ("Huawei Device"), Huawei Device (Shenzhen) Co., Ltd. ("Huawei Device Shenzhen"), and Huawei Device USA Inc. ("HDUS") (collectively, "Huawei" or "Defendants"), by and through their undersigned counsel, submit this Answer and Affirmative Defenses to Plaintiff VoIP-Pal.com, Inc.'s ("VoIP-Pal") First Amended Complaint (Dkt. 10). Huawei denies all allegations in the First Amended Complaint that are not expressly admitted below.

**THE PARTIES**

1.      Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis denies them.

2.      Huawei admits that HTCL is a corporation organized under the laws of China. Huawei further admits that HTCL has a principal place of business at Bantian, Longgang District, Shenzhen 518129, China. Huawei further admits that HTCL is a wholly-owned subsidiary of Huawei Investment & Holding Co., Ltd., which is based in China. Huawei further admits that

China is a signatory to the Hague Service Convention, and that HTCL may be served through the Central Authority in China. Huawei denies the remaining allegations of paragraph 2.

3.      Huawei admits that Huawei Device is a corporation organized under the laws of China. Huawei further admits that Huawei Device has a principal place of business at No.2 of Xincheng Road, Songshan Lake Zone, Dongguan, Guangdong 523808, China. Huawei further admits that China is a signatory to the Hague Service Convention, and that Huawei Device may be served through the Central Authority in China. Huawei denies that Huawei Device does business in the State of Texas, directly or through intermediaries. Huawei denies the remaining allegations of paragraph 3.

4.      Huawei admits that Huawei Device Shenzhen is a corporation organized under the laws of China. Huawei further admits that Huawei Device Shenzhen is a jointly-owned subsidiary of Huawei Investment & Holding Co., Ltd., Huawei Technologies Co., Ltd., and Huawei Tech. Investment Co., Limited. Huawei further admits that Huawei Device Shenzhen has a principal place of business in Bantian, Longgang District, Shenzhen 518129, China. Huawei further admits that China is a signatory to the Hague Service Convention, and that Huawei Device Shenzhen may be served through the Central Authority in China. Huawei denies that Huawei Device Shenzhen does business in the State of Texas, directly or through intermediaries. Huawei denies the remaining allegations of paragraph 4.

5.      Huawei admits that HDUS is a Texas corporation, that it is authorized to do business in Texas, and that it may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Huawei further admits that China is a signatory to the Hague Service Convention. Huawei denies that HDUS has a principal place of business at

5700 Tennyson Parkway, Suite 600, Plano, Texas 75024. Huawei denies the remaining allegations of paragraph 5.

6.      Huawei admits that HTUS is a Texas corporation. Huawei admits that HTUS is an indirect subsidiary of Huawei Investment & Holding Co., Ltd., and that Huawei Investment & Holding Co., Ltd. is based in China. Huawei denies that Corporation Service Company is the registered agent for HTUS, and further denies that HTUS may be served through Corporation Service Company.

7.      Huawei admits that HTCL, Huawei Device, and Huawei Device Shenzhen (collectively, the "Foreign Defendants") make, have made, use, and offer for sale consumer electronics, mobile phones, tablets, laptops, and other personal computers, storage devices, televisions, and other electronic devices generally, but deny that any such activities have occurred within the United States. Huawei denies the remaining allegations of paragraph 7.

8.      Huawei admits that HTUS and/or HDUS are responsible for sales and distribution in the United States of certain Huawei consumer electronics products, including some of the accused products in this case, as best understood by Huawei.[1] Huawei denies that the First Amended Complaint sets forth valid or meritorious claims of patent infringement and denies any allegations of infringement. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and on that basis denies them.

---

[1]      For the avoidance of doubt, Huawei understands the accused products to be: (a) mobile devices (Nexus 6P, Honor 8, Mate 10 Pro, Mate 20, Mate 20 Pro, Mate 20 Lite, P20, and P20 Pro) using Google-Fi, Google Voice, Google Hangouts, and/or Google Duo; (b) Huawei's Cloud Meeting system; and (c) Huawei's CloudLink video conference platform. Huawei specifically denies that Huawei has sold the Mate 20, Mate 20 Pro, Mate 20 Lite, P20, P20 Pro, and Cloud Meeting system in the United States.

9.      Huawei admits that HTUS and/or HDUS have distributed certain "telephones, tablets, and other electronic devices" in the United States. Huawei admits that Huawei Device and Huawei Device Shenzhen made the Nexus 6P cellular telephone for Google, but Huawei denies that any such activities have occurred within the United States, and Huawei further denies that HTCL, HTUS, and HDUS have engaged in such activities. Huawei admits that "Huawei electronic devices, including cellular telephones, are sold on eBay and Amazon.com." Huawei further admits that the Nexus 6P "was sold throughout the United States, including through eBay and Amazon.com." Huawei further admits that "Huawei electronic devices were sold to storefronts and authorized retailers for wireless carriers operating in this District." Huawei further admits that "[u]nlocked Huawei cellular telephones" sold by Amazon, eBay, Walmart, and others are used on wireless carrier networks in the United States. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and on that basis denies them.

10.      Huawei admits that HTUS regularly conducted and transacted business in the State of Texas and throughout the United States, and that HTUS has conducted business in the Western District of Texas. Huawei denies that the First Amended Complaint sets forth valid or meritorious claims of patent infringement and denies any allegations of infringement. Huawei denies the remaining allegations of paragraph 10.

## JURISDICTION AND VENUE

11.      Huawei admits that the First Amended Complaint purports to bring an action for alleged patent infringement arising under the patent laws of the United States—namely, Title 35 of the United States Code, but Huawei denies that the First Amended Complaint sets forth valid or meritorious claims of patent infringement and denies any allegations of infringement. Huawei further admits that this Court has subject matter jurisdiction over patent infringement claims

generally under 28 U.S.C. §§ 1331 and 1338(a). Huawei denies the remaining allegations of paragraph 11.

12.     Huawei denies that the Court has personal jurisdiction over the Foreign Defendants, but does not contest jurisdiction over the Defendants, as that term is defined in the First Amended Complaint, for purposes of this action only. Huawei admits that the First Amended Complaint purports to claim an injury to VoIP-Pal that occurred in the State of Texas and purports to claim entitlement to relief for such alleged injuries. Huawei further admits that the First Amended Complaint attempts to allege patent infringement in the State of Texas, but Huawei denies that the First Amended Complaint sets forth valid or meritorious claims of patent infringement and denies any allegations of infringement. Huawei further admits that HTUS conducted business within the State of Texas, that it placed certain of the accused products, as best understood by Huawei, into the stream of commerce with the expectation that some of those products would be purchased by customers in the State of Texas, and regularly conducted business and attempted to derive revenue for business activities in the State of Texas. Huawei denies the remaining allegations of paragraph 12.

13.     Huawei denies that the Court has personal jurisdiction over the Foreign Defendants, but does not contest jurisdiction over the Defendants, as that term is defined in the First Amended Complaint, for purposes of this action only. Huawei admits that HTUS imported into the United States certain of the accused products, as best understood by Huawei. Huawei admits that HTUS shipped, distributed, offered for sale, sold, advertised, or marketed certain of the accused products, as best understood by Huawei, in the State of Texas. Huawei denies that the First Amended Complaint sets forth valid or meritorious claims of patent infringement and denies any allegations of infringement. Huawei denies the remaining allegations of paragraph 13.

14.     Denied.

15.     Huawei admits that HTUS has transacted business in this District but denies that the Foreign Defendants have done so. Huawei admits that the Foreign Defendants are foreign companies organized under the laws of China and that venue is technically proper as to the Foreign Defendants in this District under 28 U.S.C. § 1391(c)(3). Huawei admits that HTUS and HDUS are Texas corporations but denies that they reside in this District. The Federal Circuit recently made clear that "a domestic corporation incorporated in a state having multiple judicial districts 'resides' for purposes of the patent-specific venue statute, 28 U.S.C. § 1400(b), only in the single judicial district in which its registered office is located…" *In re BigCommerce, Inc.*, 890 F.3d 978, 980 (Fed. Cir. 2018). The "registered office" for both HTUS and HDUS is located in Addison, Texas, within the Northern District of Texas. HTUS and HDUS have no place of business, no real property, and no employees in the Western District of Texas. Venue is therefore improper in this District for HTUS and HDUS. Huawei denies that jurisdiction is proper as to the Foreign Defendants "in any federal court, including this District, pursuant to 28 U.S.C. § 1391(c)(3)." Huawei denies that the First Amended Complaint sets forth valid or meritorious claims of patent infringement and denies any allegations of infringement. Huawei denies the remaining allegations of paragraph 15, and specifically asserts that venue is improper (at least as to HTUS and HDUS) and is inconvenient (as to all Defendants) in this District.

## BACKGROUND OF THE TECHNOLOGY AND PATENTS-IN-SUIT

16.     Huawei admits that Exhibit 1 of the First Amended Complaint purports to be a copy of U.S. Patent No. 8,630,234 (the "'234 Patent"). Huawei further admits that Exhibit 1 of the First Amended Complaint states on its face that the '234 Patent is titled "Mobile Gateway" and that it issued on January 14, 2014. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16, and on that basis denies them.

17.     Huawei admits that Exhibit 2 of the First Amended Complaint purports to be a copy of U.S. Patent No. 10,880,721 (the "'721 Patent"). Huawei further admits that Exhibit 2 of the First Amended Complaint states on its face that the '721 Patent is titled "Mobile Gateway" and that it issued on December 29, 2020. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17, and on that basis denies them.

18.     Paragraph 18 does not contain any allegations to which a response is required. To the extent a response is deemed necessary, Huawei admits that VoIP-Pal purports to refer to the '234 Patent and '721 Patent collectively as the "Patents-in-Suit" in the First Amended Complaint.

19.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and on that basis denies them.

20.     Denied.

21.     Denied.

22.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and on that basis denies them.

23.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis denies them.

24.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and on that basis denies them.

25.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and on that basis denies them.

26.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and on that basis denies them.

27.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and on that basis denies them.

28.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and on that basis denies them.

29.     Huawei denies that the Patents-in-Suit disclose or claim any novel and non-obvious concepts. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29, and on that basis denies them.

30.     Huawei denies that the Patents-in-Suit disclose or claim any novel and non-obvious concepts. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30, and on that basis denies them.

31.     Denied.

## OVERVIEW OF THE ACCUSED INSTRUMENTALITIES

32.     Huawei admits that the accused products, as best understood by Huawei, are systems, devices, and computer-executable program code that is capable of supporting communications using devices, computers, servers, systems, and methods. Huawei denies that the First Amended Complaint sets forth valid or meritorious claims of patent infringement and denies any allegations of infringement. Huawei denies the remaining allegations of paragraph 32.

33.     Huawei admits that the Foreign Defendants manufacture certain desktop computers, laptops, tablets, smartphones, other mobile devices, and/or telephony hardware and software, but Huawei denies that any such activities occur within the United States. Huawei denies the remaining allegations of paragraph 33.

34.     Denied.

35.     Denied.

36.     Huawei admits that HTCL manufactures the "Huawei Cloud Meeting calling system," as this system is best understood by Huawei, but denies that such activities occur within the United States. Huawei denies the remaining allegations of paragraph 36.

37.     Huawei admits that the "Huawei Cloud Meeting calling system," as this system is best understood by Huawei, allows smartphone and desktop users to send text messages and voice messages, to made voice and video calls, and to share images, documents, user locations, and other content, but denies that any such system has been sold within the United States. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37, and on that basis denies them.

38.     Huawei admits that the "Huawei Cloud Meeting calling system," as this system best understood by Huawei, allows users of desktop computers, laptops, tablets, smartphones, and mobile devices to send messages, including text, images, video, and audio to others using the "Cloud Meeting client software," as this software is best understood by Huawei but denies that any such system has been sold within the United States. Huawei denies that the First Amended Complaint sets forth valid or meritorious claims of patent infringement and denies any allegations of infringement. Huawei further denies that the accused products, as best understood, are not "suitable for substantial non-infringing uses." Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38, and on that basis denies them.

39.     Huawei admits that HTCL manufactures a product known as Huawei CloudLink, but denies that it does so within the United States. Huawei admits that HTUS has marketed and sold a product known as Huawei CloudLink within the United States. Huawei is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39, and on that basis denies them.

40.     Huawei admits that the "CloudLink Calling System," as this system is best understood by Huawei, includes the CloudLink Video Conferencing Platform. Huawei admits that the "CloudLink Calling System," as this system is best understood by Huawei, allows for cross-platform centralized messaging and communication that allows smartphone and desktop users to send text and voice messages, make voice and video calls, and share images, documents, user locations, and other content. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40, and on that basis denies them.

41.     Huawei admits that the "CloudLink Calling System," as this system is best understood by Huawei, allows users of desktop computers, laptops, tablets, smartphones, and mobile devices to send messages, including text, images, video, and audio, to other users. Huawei denies that the First Amended Complaint sets forth valid or meritorious claims of patent infringement and denies any allegations of infringement. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and on that basis denies them.

42.     Huawei denies that the First Amended Complaint sets forth valid or meritorious claims of patent infringement and denies any allegations of infringement. Huawei denies the remaining allegations of paragraph 42.

43.     Denied.

44.     Huawei admits that certain user manuals and other product instructions are generally available at https://consumer.huawei.com/us/support/. Huawei is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44, and on that basis denies them.

     45.     Denied.

     46.     Denied.

     47.     Denied.

     48.     Denied.

     49.     Denied.

     50.     Paragraph 50 does not contain any allegations to which a response is required. To the extent a response is deemed necessary, Huawei admits that VoIP-Pal purports to refer to the products accused of infringement in this lawsuit, as best understood by Huawei, as the "Accused Instrumentality" or "Accused Instrumentalities," but denies that the First Amended Complaint sets forth valid or meritorious claims of patent infringement and denies any allegations of infringement.

**COUNT 1**
**[ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,630,234**

     51.     Huawei acknowledges that VoIP-Pal attempts to re-allege and incorporate by reference the preceding paragraphs of the First Amended Complaint. Huawei incorporates by reference its answers to the preceding paragraphs.

     52.     Denied.

     53.     Denied.

     54.     Denied.

     55.     Huawei admits that it was on notice of the existence of the '234 Patent as a result of being served a copy of the Original Complaint (Dkt. 1). Huawei denies that the Original Complaint or First Amended Complaint set forth valid or meritorious claims of patent infringement

and denies any allegations of infringement. Huawei denies the remaining allegations of paragraph 55.

     56.    Denied.

     57.    Denied.

     58.    Denied.

     59.    Huawei admits that Huawei Device and Huawei Device Shenzhen make and have made consumer devices intended for wireless cellular telephone companies but denies that any such activities have occurred within the United States. Huawei denies that the "Defendants," as defined on page 1 of the First Amended Complaint, make, use, sell, or offer for sale in the United States, or import into the United States consumer devices, as that term is understood, such as the Nexus 6P. Huawei admits that the Wikipedia webpage cited in paragraph 59 purports to describe the Nexus 6P. Huawei further admits that the Google webpage cited in paragraph 59 purports to include a list of cellular phones that are compatible with Google-Fi. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 59, and on that basis denies them.

     60.    Huawei admits that Huawei Device and Huawei Device Shenzhen make and have made Huawei cellular phones that are unlocked, but Huawei denies that any such activities occurred within the United States. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 60, and on that basis denies them.

     61.    Huawei admits that certain user manuals and other product instructions are generally available at https://consumer.huawei.com/us/support/. Huawei admits that the webpage available at https://consumer.huawei.com/ph/support/content/en-us00457449 includes the heading

"Use VoWiFi for a New Calling Experience." Huawei denies the remaining allegations of paragraph 61.

62.    Denied.

63.    Huawei admits that the webpage available at https://consumer.huawei.com/en/community/details/%5BApps-guide%5DHow-to-download-Facebook-Messenger-to-your-HMS-phone/topicId_79483 includes the heading "[Apps guide] How to download Facebook Messenger to your HMS phone." Huawei denies the remaining allegations of paragraph 63.

64.    Denied.

65.    Denied.

66.    Denied.

**COUNT 2**
**[ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,880,721**

67.    Huawei acknowledges that VoIP-Pal attempts to re-allege and incorporate by reference the preceding paragraphs of the First Amended Complaint. Huawei incorporates by reference its answers to the preceding paragraphs.

68.    Denied.

69.    Denied.

70.    Huawei admits that it was on notice of the existence of the '721 Patent as a result of being served a copy of the Original Complaint (Dkt. 1). Huawei denies that the Original Complaint or the First Amended Complaint set forth valid or meritorious claims of patent infringement and denies any allegations of infringement. Huawei denies the remaining allegations of paragraph 70.

71.    Denied.

72.    Denied.

73.     Denied.

74.     Huawei admits that Huawei Device and Huawei Device Shenzhen make and have made consumer devices intended for wireless cellular telephone companies but denies that any such activities have occurred within the United States. Huawei denies that the "Defendants," as defined on page 1 of the First Amended Complaint, make, use, sell, or offer for sale in the United States, or import into the United States consumer devices, as that term is understood, such as the Nexus 6P. Huawei admits that the Wikipedia webpage cited in paragraph 74 purports to describe the Nexus 6P. Huawei further admits that the Google webpage cited in paragraph 74 purports to include a list of cellular phones that are compatible with Google-Fi. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74, and on that basis denies them.

75.     Huawei admits that Huawei Device and Huawei Device Shenzhen make and have made Huawei cellular phones that are unlocked but denies that any such activities occurred within the United States. Huawei denies that the "Defendants," as defined on page 1 of the First Amended Complaint, make, use, sell, or offer for sale in the United States, or import into the United States phones that are unlocked and sold by Amazon.com throughout the United States. Huawei admits that the Amazon.com webpage cited in paragraph 75 shows search results for the term "Huawei phone." Huawei denies the remaining allegations of paragraph 75.

76.     Denied.

77.     Huawei admits that certain user manuals and other product instructions are generally available at https://consumer.huawei.com/us/support/. Huawei denies the remaining allegations of paragraph 77.

78.     Huawei admits that the webpage available at https://consumer.huawei.com/ en/community/details/%5BApps-guide%5DHow-to-download-Facebook-Messenger-to-your-HMS-phone/topicId_79483 includes the heading "[Apps guide] How to download Facebook Messenger to your HMS phone." Huawei denies the remaining allegations of paragraph 78.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

## DEMAND FOR JURY TRIAL

Huawei admits that paragraph 83 contains a demand for a jury trial to which no response is required.

## PRAYER FOR RELIEF

Huawei denies any factual assertions in the Request for Relief, and further denies that VoIP-Pal is entitled to any of the relief sought in its Request for Relief or elsewhere in the First Amended Complaint.

## HUAWEI'S AFFIRMATIVE AND OTHER DEFENSES

Upon information and belief, and subject to its answers above, Huawei asserts the following defenses in response to the allegations of the First Amended Complaint, without admitting or acknowledging that Huawei bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how the defenses are listed, Huawei undertakes the burden of proof only as to those that are deemed affirmative defenses as a matter of law. Huawei expressly reserves the right to amend or raise additional defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

1.      The First Amended Complaint fails to state a claim upon which relief can be granted because, among other things, VoIP-Pal has not stated a plausible allegation that any of the Defendants infringe, either directly or indirectly, under any theory of infringement, any valid and enforceable claim of the Patents-in-Suit.

### SECOND DEFENSE
### (NONINFRINGEMENT)

2.      Upon information and belief, Huawei has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any claim of the Patents-in-Suit.

### THIRD DEFENSE
### (INVALIDITY OR INELIGIBILITY)

3.      Upon information and belief, the claims of the Patents-in-Suit are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 251.

**FOURTH DEFENSE**
**(IMPROPER VENUE)**

4.      As set forth in Huawei's answer to paragraph 15 of the First Amended Complaint above, the United States District Court for the Western District of Texas is an improper venue for this lawsuit (with respect to HTUS and HDUS) and is an inconvenient venue for this lawsuit (with respect to all Huawei Defendants). The Huawei Defendants do not reside in the Western District of Texas and do not have a regular and established place of business in the Western District of Texas.

**FIFTH DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL / DISCLAIMER)**

5.      Upon information and belief, by reason of statements, representations, admissions, concessions, arguments, omissions, and/or amendments made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the Patents-in-Suit, VoIP-Pal's claims of patent infringement are barred, in whole or in part, by prosecution history estoppel and/or disclaimer.

**SIXTH DEFENSE**
**(EQUITABLE DEFENSES)**

6.      Upon information and belief, VoIP-Pal's claims are barred, in whole or in part, under principles of equity, including but not limited to the doctrines of waiver, implied waiver, estoppel, equitable estoppel, acquiescence, and/or unclean hands.

**SEVENTH DEFENSE**
**(LACK OF STANDING)**

7.      To the extent that VoIP-Pal is not or was not the sole and total owner of all substantial rights in the Patents-in-Suit as of the filing date of the Original Complaint (Dkt. 1), VoIP-Pal lacks standing to bring the claims in this lawsuit.

**EIGHTH DEFENSE**
**(STATUTORY LIMITATION ON DAMAGES)**

8.      VoIP-Pal's claim for damages and/or costs is statutorily limited by 35 U.S.C. §§
286, 287, and/or 288. Without limitation, for allegations based on indirect infringement, any claim
for damages by VoIP-Pal is limited by 35 U.S.C. § 287 to only those damages occurring after
proper and sufficient notice of alleged infringement of the Patents-in-Suit to Huawei, which here
occurred no earlier than the filing of the Original Complaint in this lawsuit. Any claim for pre-
lawsuit damages is barred, in whole or in part, for failure to comply with the marking and notice
requirements of 35 U.S.C. § 287.

**NINTH DEFENSE**
**(EXPRESS LICENSE, IMPLIED LICENSE, PATENT EXHAUSTION,**
**AND SINGLE RECOVER RULE)**

9.      To the extent the evidence so warrants, VoIP-Pal's claims are barred, in whole or
in part, by express license agreements and/or under the doctrines of implied license, patent
exhaustion, or single recovery rule. For example, and without limitation, VoIP-Pal's claims for
damages for alleged infringement would be limited or entirely foreclosed to the extent that
allegedly infringing components and/or products are supplied, directly or indirectly, to Huawei by
an entity or entities having a license to the patents-in-suit.

**TENTH DEFENSE**
**(NO EXCEPTIONAL CASE)**

10.     VoIP-Pal cannot prove that this is an exceptional case justifying an award of
attorneys' fees against Huawei pursuant to 35 U.S.C. § 285.

**ELEVENTH DEFENSE**
**(PATENT OWNERSHIP)**

11.     VoIP-Pal has failed to adequately plead ownership of the Patents-in-Suit in the First
Amended Complaint.

**TWELFTH DEFENSE**
**(ENSNAREMENT)**

12.     Upon information and belief, VoIP-Pal cannot assert its claims under the doctrine

of equivalents because any such asserted claim scope would encompass or ensnare the prior art.

**THIRTEENTH DEFENSE**
**(NO ENTITLEMENT TO INJUNCTIVE RELIEF)**

13.     VoIP-Pal is not entitled to injunctive relief as it has, at a minimum, adequate

remedies at law and has suffered no irreparable harm.

**FOURTEENTH DEFENSE**
**(RESERVATION OF REMAINING DEFENSES)**

14.     Huawei reserves all defenses under Rule 8(c) of the Federal Rules of Civil

Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which

may now exist or in the future become available based on discovery.

**PRAYER FOR RELIEF**

Huawei respectfully requests that the Court enter judgment in its favor and against VoIP-

Pal as follows:

A.     Dismissing VoIP-Pal's claims against Huawei with prejudice;

B.     Denying all relief that VoIP-Pal seeks in its First Amended Complaint against

Huawei;

C.     Ruling in favor of Huawei on all of Huawei's affirmative defenses;

D.     Awarding Huawei its expenses and costs in accordance with Rule 54(d) of the

Federal Rules of Civil Procedure;

E.     Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Huawei

its costs and attorneys' fees; and

F.     Awarding Huawei any other relief that the Court deems just and proper.

Dated: April 11, 2022

Respectfully submitted,

 /s/ Jason W. Cook
Jason W. Cook
Texas State Bar No. 24028537
Matthew W. Cornelia
Texas State Bar No. 24097534
**MᴄGᴜɪʀᴇWᴏᴏᴅꜱ LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Tel: (214) 932-6400
Fax: (214) 932-6499
jcook@mcguirewoods.com
mcornelia@mcguirewoods.com

*Counsel for Defendants Huawei Technologies Co., Ltd., Huawei Technologies USA, Inc., Huawei Device Co., Ltd., Huawei Device (Shenzhen) Co., Ltd., and Huawei Device USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on April 11, 2022.

 /s/ Jason W. Cook
Jason W. Cook